# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CHERYL COURTS, | ) |
| Plaintiff. | ) |
| v. | ) Case No. 03-0207-CV-W-GAF |
| MICHELSON REALTY COMPANY, | ) |
| Defendant. | ) |

## ORDER

Presently before the Court is a Motion to Set Aside Default Judgment filed by the Defendant, Michelson Realty Company ("Michelson"). (Doc. #13). Michelson asserts that the Default Judgment entered against it on August 22, 2003 in this case should be set aside pursuant to Fed. R. Civ. P. 60(b)(6) and 55(c). Id. Alternatively, Michelson contends that the award of punitive damages should be set aside as it violates Michelson's due process rights. Id. The Plaintiff, Cheryl Courts ("Courts"), opposes this Motion. (Doc. #16). After careful consideration of the facts and arguments submitted by both parties, Michelson's Motion to Set Aside Default Judgment is DENIED.

## DISCUSSION

**I.     Facts**

On March 11, 2003, Courts filed this action against Michelson alleging violations of the American with Disabilities Act and retaliation in violation of the Missouri Worker's Compensation Act. (Doc. #1).[1]

---

[1] On March 18, 2002, Courts filed an amended complaint asserting the same, or substantially similar, claims. (Doc. #3).

1

Michelson failed to file a response to Courts' complaint. Consequently, on July 14, 2003, Courts filed a Motion for Default Judgment. (Doc. #4). Michelson failed to file a timely response to Courts' Motion for Default Judgment. As such, the Court issued an Order to Show Cause on July 30, 2003, directing Michelson to show cause within fifteen days of the date of the Order as to why Courts' Motion for Default Judgment should not be granted. (Doc. #5). Michelson failed to respond to the Court's Order to Show Cause. Therefore, on August 22, 2003, this Court granted Courts' Motion for Default Judgment. (Doc. #7).

On September 9, 2003, this Court issued an Order setting a hearing for November 12, 2003 at 1:30 pm to determine damages in this case. (Doc. #8). Michelson failed to appear at this hearing or otherwise respond to the Court's Order setting the damages hearing. (Doc. #9). On November 14, 2003, this Court issued an Order assessing damages as follows: $27,941.80 for actual lost wages, $10,000 for emotional distress, $100,000 in punitive damages and $3,285.00 in attorneys fees. (Doc. #11). On the same day, a Clerk's Judgment in Courts' favor was issued. (Doc. #12).

*Over one year later*, on December 23, 2004, Michelson filed this Motion to Set Aside Default Judgment claiming that it had never received notice of the default judgment and attendant hearing to assess damages. (Doc. # 13). Michelson admits that Susan Slayton[2] ("Slayton"), a Michelson employee, received Courts' Amended Complaint and Notice of Lawsuit and Waiver of Service on April 2, 2003.[3]

---

[2]Susan Slayton is also referred to as Susan Moose in the Motion papers. For the sake of simplicity, she will be referred to in this Order as Susan Slayton.

[3]In its Suggestions in Support of this Motion, Michelson asserts that Slayton received Courts' Amended Complaint and Notice of Lawsuit and Waiver of Service on April 2, 200**4**. However, as this date is inconsistent with the record, the Court presumes that Michelson made a typographical error and intended to assert that Slayton received Courts' Amended Complaint and Notice of Lawsuit and

2

(Doc. #14). Slayton claims that she forwarded these documents to Penny Kyle ("Kyle"), the local insurance agent for AIG, Michelson's insurance carrier. Id. Kyle acknowledged receipt of these documents and advised Slayton that she was forwarding them to AIG. Id. On June 10, 2003, Slayton states that she received the summons issued in the matter. Id. Slayton claims that she contacted Kyle who advised Slayton to forward all the documents she received in connection with Courts' claims to Randy Raines of AIG Technical Services, Inc. Id.

Michelson asserts that AIG had served as Michelson's insurance company for approximately five years prior to the filling of Courts' lawsuit. Id. It had been the pattern and practice of their business relationship for Michelson to forward all documentation relating to lawsuits for which claims of coverage were made to AIG and for an AIG claims adjuster to timely notify Michelson if AIG denied Michelson's claim for coverage. Id. Michelson did not receive any notice that AIG had denied its claim. Id. As such, Michelson (erroneously) assumed that AIG was handling the defense of this matter. Id.

In fact, AIG had denied coverage of Michelson's claim and had not retained an attorney to defend against Courts' lawsuit. Id. However, AIG's denial of coverage had been sent to another adjuster in June of 2003 and was never communicated to Michelson. Id. As a result, no response to Courts' complaint was filed and Courts filed a Motion for Default Judgment.

On or around August 12, 2003, Slayton admits that she received documents titled "Certificate of Service for Default Judgment," "Order to Show Cause from this Court," and "Motion for Default Judgment." Id. Slayton forwarded these documents to Keith Fried of AIG Technical Services and

---

Waiver of Service on April 2, 200**3**.

requested that he forward the documents to the attorney that AIG had assigned to the case. Id.

On August 22, 2003,[4] after Michelson failed to respond to the Court's Order to Show Cause, the Court granted Courts' Motion for Default Judgment. (Doc. #7). Michelson asserts that it never received notice of the Default Judgment. (Doc. #14). Michelson further claims that it never received notice of the November 12, 2003 hearing wherein the Court assessed damages. (Doc. #14).

On December 17, 2004, Bank of America advised Michelson that it had received a Writ of Execution and/or Writ of Garnishment directed at Michelson's financial accounts filed by Courts to collect on the default judgment she obtained against Michelson. Id. Pursuant to the facts recited by Michelson, it was at this time, a *full year after* she had forwarded all the documents related to Courts' lawsuit to various AIG representatives, that Slayton chose to follow-up on the matter. Id. Slayton contacted Deb Grote, another local AIG representative, to inquire about the Courts lawsuit. Id. During this conversation, Slayton was alerted for the first time that AIG had denied the claim and had not retained counsel to defend against Courts' claims. Id.

In response, Michelson filed this Motion to Set Aside Default Judgment on December 23, 2004. Id. Michelson asserts that the default judgment should be set aside pursuant to Fed. R. Civ. P. 60(b)(6) because: (a) there was no consideration of Michelson's meritorious defense; (b) there are no intervening equities that would make it inequitable to grant relief; (c) the instant motion was made within a reasonable time; and (d) other equities favor setting aside the default judgment. Id. Michelson further argues that the

---

[4]Again, Michelson makes a typographical error with respect to the date which this Court entered Default Judgment. Michelson asserts in its Suggestions in Support of this Motion that the Court entered Default Judgment on August 22, 200**4**. The record reflects that Default Judgment was actually entered on August 22, 200**3**.

default judgment should be set aside pursuant to Fed. R. Civ. P. 55(b) because Michelson was not given notice of the damages hearing. (Doc. #14). Finally, Michelson argues that the award of punitive damages should be set aside as it violates Michelson's constitutional right to due process. (Doc. #14).

## II. Analysis

### A. *Setting Aside Default Judgment Pursuant to Fed. R. Civ. P. 60(b)*

Michelson asserts that the default judgment should be set aside pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). Rule 60(b) provides in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reason (1) . . . not more than one year after the judgment, order or proceeding was entered or taken.

The Eighth Circuit has recognized that Rule 60(b) "authorizes an extraordinary remedy that allows a court to preserve the delicate balance between the sanctity of final judgments and the incessant command of a court's conscious that justice be done in light of all the facts." Hoover v. Valley West DM, 823 F.2d 227, 230 (8th Cir. 1987). A district court's ruling on a Rule 60(b) motion will not be reversed absent an abuse of discretion. Hoover, 823 F.2d at 230. The Supreme Court has advised that relief from judgment pursuant to Rule 60(b)(6) should be granted "whenever such action is appropriate to accomplish justice." Klapprott v. United States, 335 U.S. 601, 615 (1949).

Michelson seeks relief from the default judgment pursuant to Rule 60(b)(6). Michelson asserts that its failure to respond to Courts' complaint and subsequent motion for default judgment was due to its erroneous belief that its insurance carrier was defending Courts' claim. Michelson argues in its Reply that

5

it was the "gross negligence of its agents" which caused it to fail to timely respond to Courts' complaint and motion for default judgment and constitutes "any other reason justifying relief from the operation of the judgment." Michelson cites three cases in support of its position; all three of these cases were decided by courts outside of the Eighth Circuit: Community Dental Servs. v. Tani, 282 F.3d 1164 (9th Cir. 2002), James v. United States, 215 F.R.D. 590 (E.D. Cal. 2002), and King v. Mordowanec, 46 F.R.D. 474 (D. R.I. 1969). In each of these cases, relief was granted from a default judgment pursuant to Rule 60(b)(6) due to the gross negligence of the movant's attorney.

These three cases are readily distinguishable from the present case on two grounds. First, Michelson did not forward the documents related to Courts' lawsuit to its retained counsel. Rather, Michelson sent the paperwork to its insurance carrier. The relationship between a party and its insurance carrier does not have the same fiduciary characteristics as the relationship between a party and its retained counsel. Had Michelson retained an attorney, that attorney would have been obliged to vigorously represent Michelson's interests. However, AIG did not owe Michelson the same duty.

Additionally, the three cases cited by Michelson clearly provide that a party seeking relief from a judgment pursuant to Rule 60(b)(6) is only entitled to relief where circumstances beyond the movant's control or unknown to the movant prevented the movant from proceeding with its defense of the action in a timely manner. In Community Dental, 282 F.3d at 1168, the Ninth Circuit found that a party seeking relief from a judgment pursuant to Rule 60(b)(6) "must demonstrate both injury and circumstances *beyond his control* that prevented him from proceeding with the prosecution or defense of the action in a proper fashion" (emphasis added). The Eastern District of California court cited by Michelson found that "Rule 60(b)(6) empowers the district court to vacate orders in 'extraordinary circumstances' where the movant

6

is able to show both injury and circumstances *beyond his control* that prevented him from proceeding with the prosecution or defense of the action in a proper fashion" (emphasis added). James, 215 F.R.D. at 593. Finally, Michelson cites a Rhode Island district court that found, "[i]t can hardly be supposed that plaintiffs, as laymen, could grasp the distinctions between excusable neglect of counsel and gross neglect of counsel *unbeknownst to a client*, that is, between 60(b)(1) relief and 60(b)(6) relief in the circumstances of this case" (emphasis added). King, 46 F.R.D. at 479.

Here, the circumstances which caused Michelson's failure to defend itself against Courts' claims were not beyond Michelson's control. Michelson received notice of Courts' complaint, Courts' subsequent motion for default judgment and this Court's order to show cause and forwarded these documents to its insurance carrier. However, Michelson never followed up on the status of Courts' lawsuit. Michelson admits that it had been sued before; therefore, Michelson was undoubtedly aware of the discovery process.[5] Yet, Michelson never questioned why it had not been contacted to provide deposition testimony or produce documents related to Courts' claims.

Courts presents persuasive authority that Michelson's lack of diligence in complying with filing deadlines in this case does not constitute "any other reason justifying relief from the operation of the judgment." In Baez v. S.S. Kresge Co., 518 F.2d 349 (5th Cir. 1975), the defendant failed to actively defend itself after certain documents related to the litigation were lost in transit from the defendant's home office to local counsel. Baez, 518 F.2d at 350. Consequently, the district court entered a default judgment in the plaintiff's favor. Id. The defendant argued that it was entitled to relief pursuant to Rule 60(b)(6)

---

[5]Michelson had to have been sued a sufficient number of times for a "pattern and practice" to arise between Michelson and AIG regarding the handling of such suits. (*See* Doc. #14).

7

because it was the Postal Service, not the defendant, that was responsible for the lost documents. Id. The Fifth Circuit rejected the defendant's argument finding that both the defendant's registered agent and its home office possessed the papers in ample time to prevent the entry of default. Id. According to the Fifth Circuit, the defendant shared the blame with the Postal Service because "minimal internal procedural safeguards could and should have been established which would have prevented this loss." Id.

Similarly, in the present case, Michelson is at least partly responsible for its failure to respond to Courts' complaint, subsequent motion for default judgment and this Court's order to show cause. Like the defendant in Baez, Michelson admits that it received these documents. The complete lack of communication between Michelson and its insurance carrier for over a year after the latter had received the relevant documents demonstrates Michelson's lack of minimal internal procedural safeguards. As such, Michelson's erroneous belief that its insurance carrier was defending Courts' claims does not constitute, "any other reason justifying relief from the operation of the judgment" where minimal internal procedural safeguards would have prevented the loss.

Michelson had not relinquished control of its interests when if forwarded the documents related to Courts' lawsuit to its insurance carrier. A party's failure to file on time for reasons within his or her control constitutes neglect. Although the federal rules permit relief from a judgment for excusable neglect, such grounds must be asserted within one year after the judgment. *See* Fed. R. Civ. P. 60(b)(1). As Michelson's Motion was filed more than one year after the entry of default, Michelson is not entitled to relief pursuant to Rule 60(b)(1) and this Court need not consider whether Michelson's failure to respond to Courts' complaint and motion for default judgment due to its erroneous belief that its insurance carrier was defending Courts' claim constitutes "excusable neglect."

8

Since Michelson's neglect was at least a partial cause of the entry of default judgment, Michelson is not entitled to have the default judgment set aside pursuant to Rule 60(b)(6). Furthermore, Michelson is not entitled to have the default judgment set aside pursuant to Rule 60(b)(1) because this Motion was filed more than one year after the entry of default. Accordingly, Michelson's Motion to Set Aside Default Judgment pursuant to Rule 60(b) is DENIED.

### B.     *Setting Aside Default Judgment Pursuant to Fed. R. Civ. P. 55(b)*

Michelson further argues that the default judgment should be set aside pursuant to Fed. R. Civ. P. 55(b) ("Rule 55(b)"). Rule 55(b)(2) provides in relevant part:

> If the party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages . . . the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Michelson asserts that the default judgment should be set aside because Michelson was not "served with written notice of the application for [default] judgment." However, the record reveals that Courts provided Michelson with notice of the pending Motion for Default Judgment. On August 6, 2003, Courts' filed a certificate indicating that she had served Michelson with her Motion for Default Judgment and the Court's Order to Show Cause. (Doc. #6). Michelson admits receiving these documents.[6] As Michelson received notice of the pending motion for default judgment, the default judgment will not be set aside for failure to

---

[6]"On or around August 12, 2003, Ms. Slayton received documents titled 'Certificate of Service for Default Judgment,' 'Order to Show Cause from this Court,' and 'Motion for Default Judgment.'" (Doc. #14 at pg. 3).

9

comply with Rule 55(b).

Michelson further argues that the default judgment should be set aside pursuant to Rule 55(b) because Michelson did not receive notice of the damages hearing held on November 12, 2003. (Doc. #9). On its face, Rule 55(b) merely requires that notice be given of the application for default judgment. Rule 55(b) does not require notice with respect to the damages hearing. Michelson has not cited any case law which requires that notice of a damages hearing be given to the party against whom default judgment is sought. Nevertheless, the Court gave Michelson notice of the hearing when it issued the Order setting the hearing for determining damages. (Doc. #8). As such, the default judgment will not be set aside because Michelson was given notice of the damages hearing even though such notice is not required by Rule 55(b). Accordingly, Michelson's Motion to Set Aside Default Judgment pursuant to Rule 55(b) is DENIED.

### C. *Setting Aside the Award of Punitive Damages*

Finally, Michelson argues that if the Court determines that the facts do not support setting aside the default judgment pursuant to either Rule 60(b) or Rule 55(b), equity mandates that the $100,000 punitive damages award be set aside as violative of Michelson's due process rights. (Doc. #14). The Eighth Circuit has found that an unconstitutional punitive damages award may constitute the requisite exceptional circumstances to justify operation of Rule 60(b)(6). Watkins v. Lundell, 169 F.3d 540, 545 (8th Cir. 1999). The Supreme Court in BMW of North America, Inc. v. Gore, 517 U.S. 559, 575 (1996) articulated three factors for courts to consider when determining the constitutionality of a punitive damages award: (1) the degree of reprehensibility of the parties' actions; (2) the ratio between the actual harm inflicted and the punitive damages; and (3) the difference between the punitive damages and the civil penalties authorized or imposed in comparable cases.

10

Although Michelson identified these factors, it failed to present any evidence of the degree of reprehensibility of its conduct, the ratio between the actual damages and the punitive damages and the difference between the punitive damages and the civil penalties authorized or imposed in comparable cases. Without any factual evidence to support a finding that this Court's award of punitive damages is unconstitutional, Michelson is not entitled to have the punitive damages award set aside. Accordingly, Michelson's Motion to Set Aside Default Judgment as violative of Michelson's due process rights is DENIED.

## CONCLUSION

Based on the foregoing analysis, the default judgment entered against Michelson by this Court on August 22, 2003 will not be set aside pursuant to either Rule 60(b) or Rule 55(c). Michelson is not entitled to have the default judgment set aside pursuant to Rule 60(b) because Michelson's neglect was at least a partial cause of the entry of default judgment. Additionally, the default judgement will not be set aside pursuant to Rule 55(c) because Michelson admits receiving notice of Courts' motion for default judgment. Finally, Michelson has failed to present sufficient evidence that the award of punitive damages should be set aside as unconstitutional. Accordingly, Michelson's Motion to Set Aside Default Judgment is DENIED.

**IT IS SO ORDERED.**

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED: August 11, 2005